May it please the court, my name is Ronald Krauss, I'm an Assistant Federal Public Defender for the Middle District of Pennsylvania and I represent Appellant Dante Brooks. I'd like to reserve two minutes for a bow. Speaking of brief arguments, Your Honor, I think this may be one of the briefest you'll be hearing. The first thing I'd like to do is withdraw our issue on the crack powder issue. And by way of explanation, in this case in the District Court, the guideline calculation on the crack sentencing included a rote application of guidelines to a stipulated crack weight. In the last couple of weeks, as we've been reviewing all of these crack sentencing cases, we discovered that in this case the application of a two-level reduction would make Mr. Brooks' release date June 08, which is four months from now. Given that, we see no reason to proceed on our issue on the crack powder disparity in the District Court and we'll just proceed under 3582. Just so I understand, is it because the retroactive amendment of the guidelines by the Commission takes you down to two levels? Yes, that's correct. So will the judge take a look at this and then decide that it might not be 51 to 63, it might be even lower? In other words, in the end, 22 instead of 24? That's correct. That's what we anticipate. And under the particular circumstances of this case, we think our client would be better off by proceeding under 3582C rather than having this court send it back for resentencing even. I take it, Mr. Smith, that you're in agreement with that? I'm in agreement, and I think everybody's in agreement, but I want to make sure. I think that means that the second issue in the appellant's brief is withdrawn. That would give the court no occasion, I don't think, to remand, but rather this will be one of many met in 358. I guess what, Ted, it would be remanded by virtue of a judgment order, would it not? I don't know. I think he's just doing it differently, but yeah, if you're withdrawing it, it would be. Are you going to do a stipulation then, in other words, to get it back to the court by remand? You can't do it until March. It becomes effective in March. We would file a motion in March for the 3582C hearing. Yeah, it's a different kind of petition. Yes. Yes, it would be a different proceeding, but given that, and given what we anticipate will happen as a result of that, we think it's in the best interest of our client to withdraw that issue on appeal. You don't need us to deal in whatever we decide. You don't need anything in our judgment. With respect to that issue, that's correct. Okay, I got it. I got it. With respect to the two issues concerning the possession of the gun, I've reviewed the record in preparation for this argument and reviewed the case law, and frankly, your honors, it's my position that we're content to rest on what we have in the brief. So unless you have any questions on that issue, I'm happy to conclude. I will concede that was by far your tougher argument. Yeah, yeah. That's for sure, Mr. Cross. Your argument is decided. Are there any questions for me? Does this get any easier than this, Mr. Smith? I have not even a single point. I'll waive my rebuttal time. Thank you. Thank you. I wish it were all like that, too. I spent all this time. Next matter would probably be more neat. Tomorrow we have Sevilla. Yeah, that's right.